The ERWIN WELLER COMPANY, an Iowa Corporation, Plaintiff and Appellant,

v.

TALON INCORPORATED, a South Dakota Corporation, Defendant and Appellee.

No. 12892.

Supreme Court of South Dakota.

Argued May 27, 1980.

Decided Aug. 6, 1980.

Rehearing Denied Sept. 16, 1980.

Jeffrey A. Sar of Carter & Sar, Sioux City, Iowa, Vance R. Goldammer of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for plaintiff and appellant.

John N. Gidley III, John E. Burke, Sioux Falls, for defendant and appellee.

WOLLMAN, Chief Justice.

Appellant, Erwin Weller Company (Weller), appeals from the judgment entered on a jury verdict denying recovery against appellee, Talon Corporation (Talon). We reverse and remand.

Weller and Talon entered into an agreement on January 14, 1977, whereby Weller was to manufacture ice scrapers and snow brushes, place Talon's name on the products, and ship them directly to Talon's customers. Talon was to receive payment from its customers sixty days from the shipping date, and Weller was to receive payment from Talon thirty days thereafter.

By September 1977, Weller had extended credit in the amount of some $47,000 to Talon under the agreement. After making an inquiry of a national commercial credit reporting agency, Weller's president made numerous phone calls in an attempt to contact Talon's president, calls that were never returned. Weller became concerned about receipt of payment and demanded assurances of performance by Talon. When assurances were not forthcoming, Weller suspended shipments to Talon's customers for approximately ten days. During this period Weller and Talon amended the January 1977 agreement. The amended agreement incorporated all the terms of the original agreement. Additionally, the amended agreement gave Talon an extended period to make payments due or coming due to Weller and granted Weller a security interest in the accounts receivable by Talon from its customers.

Weller thereafter renewed shipments to Talon's customers, filling all orders submitted by Talon. Talon, however, remained in arrears in its payments to Weller. In March 1978, Talon owed Weller a total of $74,094.51. Thereafter this action was commenced.

Talon counterclaimed against Weller, alleging, among other things, that Weller had interfered with Talon's business by improperly making contact with Talon's clients. Talon has not appealed from the judgment entered on the jury verdict denying Talon recovery on the counterclaim, however, so we need not consider those allegations further.

Weller contends that it was entitled to a directed verdict inasmuch as Talon did not

dispute the fact that Weller's records indicate that Talon is indebted to it in the amount claimed.

It is the duty of the seller under a contract for the sale of goods to make timely delivery and transfer of those goods, and it is the duty of the buyer to accept and make payment in accordance with the terms of the contract. SDCL 57–4–1 (U.C.C. § 2–301).

■ Although the validity of the original agreement of January 14, 1977, between Weller and Talon is not questioned, Talon argues that the amended agreement does not constitute a valid contract because Talon signed it under duress. We do not agree, for Weller had a statutory right to insist on assurances of payment by Talon. The applicable statute reads:

A contract for sale imposes an obligation on each party that the other's expectation of receiving due performance will not be impaired. When reasonable grounds for insecurity arise with respect to the performance of either party the other may in writing demand adequate assurance of due performance and until he receives such assurance may if commercially reasonable suspend any performance for which he has not already received the agreed return.

SDCL 57–7–23 (U.C.C. § 2–609(1)).

■ The reasonableness of grounds for insecurity, as between merchants, is to be determined according to commercial standards. SDCL 57–7–24 (U.C.C. § 2–609(2)). The growing amount of credit extended to Talon by Weller under the parties' January 1977 agreement and the failure of Talon's president to respond to Weller's attempts to discuss the matter with him gave Weller reasonable grounds for insecurity with respect to future performance by Talon. See, e. g., *Kunian v. Development Corporation of America*, 165 Conn. 300, 334 A.2d 427 (1973); J. White & R. Summers, Handbook of the Law Under the Uniform Commercial Code § 6–2 (2d ed. 1980). We conclude that Weller's exercise of its statutory rights belies Talon's claim of duress.

Talon does not dispute Weller's claim that the amount owed is $74,094.51. Accordingly, we hold that the circuit court erred in not granting Weller's motion for a directed verdict in that amount. *Renner Elevator Co. v. Schuer*, 267 N.W.2d 204 (S.D.1978); *Jerke v. Delmont State Bank*, 54 S.D. 446, 457, 223 N.W. 585, 589 (1929).

The judgment dismissing Weller's complaint is reversed, and the case is remanded to the circuit court with directions to enter judgment in favor of Weller against Talon in the amount of $74,094.51.

All the Justices concur.